1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   MATTHEW S. McCONNELL, Cal. Bar No. 209672
3  mmcconnell@sheppardmullin.com
   TARA WILCOX, Cal. Bar No. 157015
4  twilcox@sheppardmullin.com
   JENNA G. CRAWFORD, Cal. Bar No. 311415
5  jcrawford@sheppardmullin.com
   12275 El Camino Real, Suite 100
6  San Diego, California 92130-4092
   Telephone:  858.720.8900
7  Facsimile:   858.509.3691

8  Attorneys for WHOLESALE
   CORPORATION, CHRIS MARMON,
9  RUSS FLORES and MARILEE
   ALAMILLA

10

11             UNITED STATES DISTRICT COURT

12        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

13

| 14 | LUIS PACHECO, | Case No.  5:22-cv-1405 |
|---|---|---|
| 15 | Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| 16 | v. | |
| 17 | COSTCO WHOLESALE CORPORATION, CHRIS MARMON, RUSS FLORES, MARILEE ALAMILLA, and DOES 1 through 100, inclusive, | [San Bernardino Superior Court Case No. CIVSB2206722] |
| 18 | | [Complaint filed: March 29, 2022] |
| 19 | | |
| 20 | Defendants. | |

TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Costco Wholesale Corporation ("Costco") hereby removes the matter of *Luis Pacheco v. Costco Wholesale Corporation, Chris Marmon, Russ Flores, Marilee Alamilla, and DOES 1 to 100, inclusive* to the United States District Court, Central District of California, on the grounds that it is a civil action wherein the amount in controversy exceeds the sum of $75,000 and is between citizens of different states, and that the individual defendants are fraudulently named and must be disregarded for purposes of establishing diversity.

In accordance with 28 U.S.C. section 1446(a), the following is a short and plain statement of the grounds for removal of the case and a listing of pleadings to date.

1. On March 29, 2022, plaintiff Luis Pacheco ("Plaintiff") filed a Complaint against Defendants Costco Wholesale Corporation, Chris Marmon, Russ Flores and Marilee Alamilla in the Superior Court. Costco Wholesale Corporation was served with the Complaint on May 11, 2022; Marilee Alamilla was served with the Complaint on May 17, 2022; Russ Flores was served with the Complaint on June 7, 2022; and Chris Marmon was served with the Complaint sometime in June 2022. A copy of the Complaint is attached as Exhibit A to the Declaration of Matthew S. McConnell.

2. On June 10, 2022, Costco filed its Answer to Plaintiff's Complaint; on June 16, 2022 Marilee Alamilla filed her Answer to Plaintiff's Complaint; on July 6, 2022 Russ Flores filed his answer to Plaintiff's Complaint;

and on July 26, Chris Marmon filed his answer to Plaintiff's complaint. A copy of each Answer is included in Exhibit C to the Declaration of Matthew S. McConnell.

3. Attached as Exhibit B to the Declaration of Matthew S. McConnell is a list of the Superior Court's file in this matter.

4. Attached as Exhibit C to the Declaration of Matthew S. McConnell are copies of all documents in the Superior Court's file with the exception that the Complaint is attached separately as Exhibit A.

5. The United States District Court for the Central District of California embraces San Bernardino, the county in which this Action is brought. Therefore, the Court is a proper venue for this Action under 28 U.S.C. sections 84(c)(2) and 1441(a).

6. *Timely Filing of Notice.* Costco has filed this Notice pursuant to 28 U.S.C. section 1446(b) in a timely fashion, in that this Notice has been filed within 30 days of receipt of an "other paper from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b). For purposes of this statute, Plaintiff's deposition testimony given on June 27, 2022, and the corresponding transcript of his deposition testimony received on July 11, 2022, is considered to be an "other paper" which triggers removal. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1085 (9th Cir. 2021) (holding that removal under Section 1446(b) is timely if filed within 30 days of receiving the certified deposition transcript upon which removal is based). Because this Notice has been filed within 30 days of July 11, 2022, the date on which Costco received the deposition transcript from Plaintiff's deposition, this Notice is timely.

7. *Diversity Jurisdiction*: This Court has original jurisdiction over this case pursuant to 28 U.S.C. section 1332, and removal is proper under 29 U.S.C. section 1441(a) in that:

    a. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff is a citizen of the State of California. The Complaint alleges that Plaintiff is a resident of the State of California. (Complaint, ¶ 1.) In addition, plaintiff testified that he was born in California, has lived in California his entire life, and has no intention of leaving California. (Ex. D to McConnell Decl. (Pacheco Depo.), 234:11-20.)

    b. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Costco was at the time of the filing of this action and still is a citizen of the State of Washington, where it has its principal place of business and where it is incorporated. (Ex. E to McConnell Decl., ¶ 9; Rajski Decl., ¶¶ 4-5.) Costco's corporate headquarters and executive offices are located in Issaquah, Washington. (Rajski Decl., ¶ 5.) Costco's corporate policies and procedures are formulated in its corporate headquarters in Issaquah, Washington. (Rajski Decl., ¶ 5.) The "nerve center" of Costco is therefore found in Washington, not California. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010)

-4-  
SMRH:4882-5020-7275.2  
Case No.  
NOTICE OF REMOVAL OF CIVIL ACTION

("the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'").

c. The citizenship of the individually named defendants Chris Marmon, Russ Flores and Marilee Alamilla (collectively, "Individual Defendants") should be disregarded for removal purposes because each is a sham defendant fraudulently named by Plaintiff in this action. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (holding that a non-diverse party (plaintiff or defendant) named in the state court action may be disregarded if the federal court determines that party's joinder is a "sham" or "fraudulent" so that no possible cause of action has been stated against that party); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").

d. The Individual Defendants are fraudulently joined and are sham defendants because Plaintiff's deposition testimony on June 27, 2022 makes clear that he cannot maintain either of the two causes of action he has pled against them as a matter of law, specifically either Plaintiff's seventh cause of action for intentional infliction of emotional distress ("IIED") or Plaintiff's

eighth cause of action for failure to provide rest periods, as shown below.

  e. The IIED cause of action fails against each of the Individual Defendants for two primary reasons.  First, the IIED claim is preempted by the exclusivity provisions of the Workers' Compensation Act ("WCA"), which provides that where workers' compensation is available to an employee, "the right to recover such compensation is … the sole and exclusive remedy of the employee … against the employer."  Cal. Lab. Code § 3602.  This provision covers "any injury … arising out of the employment," including "purely emotional" injuries.  *Livitsanos v. Super. Ct.,* 2 Cal.4th 744, 747-56 (1992).  If the injury arises out of the employment relationship, "claims for intentional … infliction of emotional distress are preempted by the [WCA]."  *Id.* at 747.  Layoffs, closures, and terminations are a normal part of the employment relationship and do not insulate a cause of action from the WCA's exclusive remedy provisions.  *See*, *e.g.*, *Aviles v. Alutiiq Sec. & Tech.*, 2012 WL 12905874, at *7 (S.D. Cal. June 15, 2012) (IIED claim based on disability discrimination barred by WCA where alleged conduct amounted to personnel management activity); *Plummer v. Tesoro Ref. & Mktg. Co.*, 2016 WL 3180327, at *4 (C.D. Cal. June 3, 2016) (IIED claim based on age harassment preempted by WCA where underlying acts of giving negative performance review and denying request for leave "occurred during the course of the employer-employee relationship"); *Shoemaker v. Myers*, 52

Cal.3d 1, 25 (1990) (affirming dismissal of an IIED claim based on the WCA).

  f. Second, even if the IIED claim was not preempted and could be brought civilly, Plaintiff's deposition testimony establishes that none of the Individual Defendants engaged in any extreme or outrageous conduct as required by law.  *See Conley v. Roman Catholic Archbishop of San Francisco*, 85 Cal.App.4th 1126, 1133 (2000) (holding that a claim for intentional infliction of emotional distress must consist of "extreme and outrageous" conduct with the intent to cause, or reckless disregard of causing, emotional distress); *Fowler v. Varian Assocs., Inc.*, 196 Cal.App.3d 34, 44 (1987) (stating that in order to prevail on a claim for intentional infliction of emotional distress, the conduct must be "so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."); *see also Alcorn v. Anbro Eng., Inc.*, 2 Cal.3d 493, 499 (1970).  Indeed, when asked whether any Costco employees caused him emotional distress during his employment, Plaintiff *did not* identify any of the Individual Defendants in response.  (Ex. D to McConnell Decl. (Pacheco Depo.), 200:22-204:3.)  Plaintiff's testimony is summarized below as to each Individual Defendant:

    (1) <u>Defendant Chris Marmon</u>: At deposition, Plaintiff testified to a single interaction with Marmon, during which Marmon handed Plaintiff a counseling notice indicating that Plaintiff was being suspended for three days pending

|  |  |  |
|---|---|---|
| 1 |  | review of his employment based on potentially violating |
| 2 |  | Costco's sexual harassment policy.  (Ex. D to McConnell |
| 3 |  | Decl. (Pacheco Depo.), 144:14-149:25.)  Plaintiff testified |
| 4 |  | that he did not believe anything Marmon said or did |
| 5 |  | during this interaction was improper.  (Ex. D to |
| 6 |  | McConnell Decl. (Pacheco Depo.), 149:20-25.) |
| 7 |  |  |
| 8 | (2) | Defendant Russ Flores:  At deposition, Plaintiff testified to |
| 9 |  | two in-person interactions with Flores, and two phone |
| 10 |  | calls.  (Ex. D to McConnell Decl. (Pacheco Depo.), 119:9- |
| 11 |  | 166:21.)  First, Plaintiff testified to being interviewed by |
| 12 |  | Flores on Mary 12, 2021.  (Ex. D to McConnell Decl. |
| 13 |  | (Pacheco Depo.), 119:9-120:16.)  During this interview, |
| 14 |  | Flores told Plaintiff he was under investigation for sexual |
| 15 |  | harassment.  (Ex. D to McConnell Decl. (Pacheco Depo.), |
| 16 |  | 122:4-13.)  Flores asked Plaintiff a series of questions |
| 17 |  | about Plaintiff's relationship with two female employees. |
| 18 |  | (Ex. D to McConnell Decl. (Pacheco Depo.), 123:14-18.) |
| 19 |  | Flores instructed Plaintiff to write a statement.  (Ex. D to |
| 20 |  | McConnell Decl. (Pacheco Depo.), 123:6-14.)  Once |
| 21 |  | Plaintiff finished writing his statement, he briefly spoke to |
| 22 |  | Flores, who told Plaintiff that they would call him to let |
| 23 |  | him know the next steps.  (Ex. D to McConnell Decl. |
| 24 |  | (Pacheco Depo.), 135:20-136:18.)  Second, Plaintiff |
| 25 |  | testified that in mid-May 2021, Flores called him to ask |
| 26 |  | him to come to the warehouse the next day for a meeting. |
| 27 |  | (Ex. D to McConnell Decl. (Pacheco Depo.), 142:23- |
| 28 |  | 144:2.)  Third, Plaintiff testified that Flores called him on |

May 21, 2021, the last day of Plaintiff's suspension. (Ex. D to McConnell Decl. (Pacheco Depo.), 148:3-9.) Flores told Plaintiff to return to the warehouse on June 1, 2021, following the completion of Plaintiff's vacation. (Ex. D to McConnell Decl. (Pacheco Depo.), 148:15-149:10.) Fourth, Plaintiff testified that on June 1, 2021, he returned to the Costco warehouse and met with Flores for approximately ten to fifteen minutes. (Ex. D to McConnell Decl. (Pacheco Depo.), 158:25-159:24.) During this meeting, Flores handed Plaintiff a counseling notice and a termination form, both of which indicated Plaintiff's employment was terminated effective immediately for violation of Costco's sexual harassment policy. (Ex. D to McConnell Decl. (Pacheco Depo.), 160:5-163:5.) Although Flores asked Plaintiff to sign the counseling notice and termination form, Plaintiff refused. (Ex. D to McConnell Decl. (Pacheco Depo.), 160:13-163:9.) Flores and another manager then escorted Plaintiff out of the building without saying anything to Plaintiff. (Ex. D to McConnell Decl. (Pacheco Depo.), 166:10-21.)

    (3) <u>Defendant Marilee Alamilla</u>: At deposition, Plaintiff testified to a single phone call with Alamilla. (Ex. D to McConnell Decl. (Pacheco Depo.), 140:16-141:11.) Specifically, the day after Plaintiff provided a statement to Costco regarding accusations that had been made against him, Alamilla called Plaintiff and informed him that he would be off of work for the next three days. (Ex. D to

|   |   |   |
|---|---|---|
| | | McConnell Decl. (Pacheco Depo.), 140:16-25.) Alamilla explained that Plaintiff would be paid over the next three days, and she instructed Plaintiff to return back to work "when those three days were up." (Ex. D to McConnell Decl. (Pacheco Depo.), 141:1-3.) Alamilla did not say anything else. (Ex. D to McConnell Decl. (Pacheco Depo.), 141:4-11.) |
| | g. | Plaintiff's deposition testimony as to each of the Individual Defendants depicts polite communications in the course of routine personnel actions. The Individual Defendants' conduct cannot give rise to a claim for IIED, as such personnel decisions are routinely held *not* to constitute extreme and outrageous conduct as a matter of law. *See, e.g.*, *Shoemaker*, 52 Cal.3d at 25 ("discipline or criticism[] are a normal part of the employment relationship" and supervisor's alleged comment he wanted to cause plaintiff "as much grief as possible" could not support emotional distress claim); *Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55, 80 (1996) ("A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged."); *Franklin v. Adams & Assocs., Inc.*, 817 F.App'x 505, 507 (9th Cir. 2020) (affirming the district court's dismissal of IIED claim on the ground that the plaintiff "has alleged no conduct on the part of [defendant] other than acts of personnel management—conduct that California courts have deemed neither 'extreme' nor 'outrageous,' but 'essential to the |

welfare and prosperity of society.'") (quoting *Janken*, 46 Cal.App.4th at 80).

    h.    Similarly, Plaintiff's eighth cause of action for failure to provide rest periods fails as against each of the Individual Defendants. Labor Code section 558.1 extends personal liability to an "owner, director, officer, or managing agent of the employer" who violates Labor Code section 226.7. Yet Plaintiff does not allege any facts to show that each of the three Individual Defendants is "an owner, director, officer, or managing agent" of Costco, which maintains hundreds of locations nationwide. *See Barajas v. Blue Diamond Growers Inc.*, 2022 WL 1103841, at *6 (E.D. Cal. Apr. 13, 2022) (dismissing Labor Code claims against individual defendants because "Plaintiffs fail to allege facts sufficient to support a conclusion that Horn and Klair were 'managing agents' of Blue Diamond Growers, as necessary to invoke their liability under Section 558.1"). Nor can he. The Individual Defendants are not owners, directors, or officers of Costco, as Plaintiff alleges Marmon was the General Manager of the San Bernardino warehouse where he worked, and Flores and Alamilla were Plaintiff's supervisors and/or managers. (Complaint, ¶¶ 3-5.) Nor are the Individual Defendants managing agents of Costco, as they cannot create or determine company policy. *See White v. Ultramar, Inc.*, 21 Cal.4th 563, 566-67 (1999) (stating that the term "managing agent" includes "only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine

SMRH:4882-5020-7275.2      Case No.
NOTICE OF REMOVAL OF CIVIL ACTION

corporate policy."). Not even Marmon, the General Manager of the warehouse where Plaintiff worked, could qualify as a managing agent, let alone Flores and Alamilla. *Cruz v. HomeBase*, 83 Cal.App.4th 160, 168 (2000) (finding that the store manager for one store within a larger chain of stores was too low in the hierarchy to qualify as a managing agent for the corporation). In any event, Plaintiff does not allege any facts showing that Individual Defendants were "personally involved" in the alleged violations, i.e. they "had some oversight of the company's operations or some influence on corporate policy that resulted in Labor Code violations." *Espinoza v. Hepta Run, Inc.*, 74 Cal.App.5th 44, 59 (2022); *see Rios v. Linn Star Transfer, Inc.*, 2020 WL 1677338, at *5-6 (N.D. Cal. Apr. 6, 2020) (dismissing claims for violations of various Labor Code sections, including Section 226.7, against individual defendants for failure to plead facts to show individual defendants can be personally liable pursuant to Section 558.1); *Plaksin v. NewSight Reality, Inc.*, 2019 WL 4316255, at *5 (C.D. Cal. Apr. 30, 2019) (dismissing Labor Code claims against an individual defendant because "allegations pertain[ed] only to [his] role as a corporate officer," and included no "allegation of individual wrongdoing"). Thus, Plaintiff's eighth claim cannot be maintained against any of the Individual Defendants.

    i.    Where, as here, the record evidences demonstrates that there is no basis for liability against the Individual Defendants, they are deemed sham defendants, and the Court may disregard their citizenship for purposes of determining removal jurisdiction.

*Wilson v. Walt Disney Co.*, 2013 WL 12146125, at *6 (C.D. Cal. Aug. 1, 2013) (when evidence clearly shows there is no basis for liability, the Court may disregard a non-diverse party as a sham defendant); *Ferrigno v. Philips Elecs. N. Am. Corp.*, 2009 WL 10692955 (N.D. Cal. Nov. 5, 2009) (denying plaintiff's motion to remand where plaintiff cannot state a claim against the sham defendant); *Chhabra v. Devry Univ., Inc.*, 2016 WL 406961, at *1–2 (C.D. Cal. Feb. 2, 2016) (ordering plaintiff to show cause why individual defendants were not fraudulently joined, and ultimately denying plaintiff's motion to remand, where plaintiff had admitted in his deposition that he had no facts to support his claims for defamation and infliction of emotional distress).

    j.    The citizenship of defendants sued under fictitious names is disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(a).

    k.    Although Plaintiff does not pray for a specific dollar amount, the Complaint pleads claims for sex/gender discrimination, retaliation, wrongful termination, negligent supervision, whistleblowing, intentional infliction of emotional distress, failure to provide rest periods, and failure to pay wages upon discharge.  Assuming that Plaintiff's suit is successful, the amount in controversy requirement is clearly met.  *See Jackson v. Am. Bankers Ins. Co.*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case *assuming* that the allegations of the complaint are true and *assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"*) (emphasis

added); *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (amount in controversy is based on assumption that plaintiff prevails on all claims).

l. Specifically, Plaintiff prays for the following:

(1) Lost earnings (Complaint, ¶¶ 18, 28, 38, 46, 64, 72, 80, Prayer for Relief.) Plaintiff's hourly rate of pay as of June 1, 2021 (the date Plaintiff alleges he was terminated) was $19.00. (Rajski Decl., ¶ 3.) Plaintiff was a part time employee as of his termination, and was guaranteed to work at least 24 hours per week. (Ex. D to McConnell Decl. (Pacheco Depo.), 58:3-20.) Assuming that Plaintiff prevails at trial within one year of his filing of the Complaint (which is approximately March 29, 2023), Plaintiff would potentially be entitled to 22 months of back wages by then, or $43,472 in backpay. (McConnell Decl., ¶ 7; *see also Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970) (under FEHA, prevailing plaintiffs are entitled to backpay in the amount they would have received absent the termination). Plaintiff has also asked for interest on these wages. (Prayer for Relief.) This amount also does not include benefits or overtime.

(2) Compensation for mental and emotional distress (Complaint, ¶¶ 19, 29, 37, 39, 46, 56, 63, 71, 80.) (*See* Cal.

          (3)    Punitive damages (Complaint, ¶¶ 20, 30, 49, 66, 74, 82.) *See Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1147-48 (1998) (punitive damages recoverable under FEHA actions); *Anthony v. Sec. Pac. Fin. Servs.*, 75 F.3d 311, 315 (7th Cir. 1996) (punitive damages factored into amount in controversy if they are recoverable under state law).

          (4)    Attorneys' fees (Complaint, ¶¶ 21, 31, 40, 48, 65, 73, 81, 98, Prayer for Relief.) *See* Cal. Gov't Code § 12965(b) (authorizing courts to award attorneys' fees in FEHA actions); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculus).

    m.    The undersigned counsel has defended numerous claims for alleged discrimination against corporate employers, including claims alleging sex/gender discrimination, retaliation, and wrongful termination. (*See* McConnell Decl., ¶ 8.) Based on that experience, discovery and settlement discussions consistently reveal that a typical claim in an action such as this regularly exceeds $75,000, especially when the plaintiff seeks to recover attorneys' fees, as in this case. (*See* McConnell Decl., ¶ 8.)

Gov't Code § 12970 (emotional distress damages recoverable under FEHA).

| | | |
|---|---|---|
| 1 | n. | Based on both Plaintiff's actual prayer for relief and the |
| 2 | | undersigned counsel's previous experience, Costco is informed |
| 3 | | and believes that the amount in controversy exceeds $75,000. |
| 4 | | *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) |
| 5 | | ("the lengthy list of compensatory and punitive damages sought |
| 6 | | by [the plaintiff], when combined with attorney's fees, |
| 7 | | demonstrated that the amount in controversy exceeded |
| 8 | | $75,000"). |

Dated: August 9, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Matthew S. McConnell*
            MATTHEW S. McCONNELL

Attorneys for WHOLESALE CORPORATION, CHRIS MARMON, RUSS FLORES and MARILEE ALAMILLA

# PROOF OF SERVICE

**Luis Pacheco v. Costco Wholesale Corporation, et al.**
USDC, Central District of California, Case No.   5:22-cv-1405

<u>STATE OF CALIFORNIA, COUNTY OF SAN DIEGO</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 12275 El Camino Real, Suite 100, San Diego, CA 92130-4092.

On August 9, 2022, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION** on the interested parties in this action as follows:

**SERVICE LIST**

| | |
|---|---|
| Derek Tran<br>Jorge Guardado<br>Sandy Luu<br>THE TRAN FIRM, APLC<br>16152 Beach Boulevard, Suite 200<br>Huntington Beach, California 92647<br>Tel:  (213) 528.-8858<br>Fax:  (213) 528-8868<br>Email:  derek@thetranfirm.com;<br>jorge@thetranfirm.com;<br>sandy@thetranfirm.com | Attorneys for Plaintiff,<br>LUIS PACHECO |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 9, 2022, at San Diego, California.

_Janet E. Jackson_ (signature)
Janet E. Jackson

SMRH:4855-5313-2077.1                                                                           PROOF OF SERVICE