EXHIBIT A

1 | Derek T. Tran, Esq., State Bar No. 295917
derek@thetranfirm.com
2 | Jorge A. Guardado, Esq., State Bar No. 299505
jorge@thetranfirm.com
3 | **THE TRAN FIRM, APLC**
16152 Beach Boulevard, Suite 200
4 | Huntington Beach, California 92647
Telephone Number: (213) 528-8858
5 | Facsimile Number: (213) 528-8868

6 | Attorneys for Plaintiff,
LUIS PACHECO

7

8

9 | ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | ## FOR THE COUNTY OF SAN BERNARDINO

11

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 29 2022

BY _____
NATHANIEL JOHNSON, DEPUTY

| | |
|---|---|
| 12 | LUIS PACHECO, | Case No.: **CIV SB  2 2 0 6 7 2 2** |
| 13 | Plaintiff, | **PLAINTIFF LUIS PACHECO'S COMPLAINT FOR DAMAGES FOR:** |
| 14 | vs. | |
| 15 | COSTCO WHOLESALE CORPORATION, CHRIS MARMON, RUSS FLORES, MARILEE ALAMILLA, and DOES 1 to 100, inclusive, | **(1) DISCRIMINATION ON THE BASIS OF SEX/GENDER (Govt. Code §12940(a));** |
| 16 | | **(2) RETALIATION (Govt. Code §12940(h));** |
| 17 | | |
| 18 | Defendants. | **(3) RETALIATION FOR WHISTLEBLOWING (Lab. Code §1102.5);** |
| 19 | | |
| 20 | | **(4) NEGLIGENT SUPERVISION, HIRING, AND RETENTION (California Common Law);** |
| 21 | | |
| 22 | | **(5) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY (Govt. Code §12940(h));** |
| 23 | | |
| 24 | | **(6) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY (Lab. Code §1102.5);** |
| 25 | | |
| 26 | | **(7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (California Common Law);** |
| 27 | | |
| 28 | | **(8) FAILURE TO PROVIDE** |

PLAINTIFF'S COMPLAINT FOR DAMAGES



COMPENSATION TO EMPLOYEES NOT AUTHORIZED OR PERMITTED TO TAKE REQUIRED REST PERIODS (Lab. Code §226.7);

(9) FAILURE TO PAY WAGES UPON DISCHARGE (Lab. Code §201);

(10) STATUTORY PENALTIES (Lab. Code §203).

DEMAND FOR JURY TRIAL

-2-

PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A, PAGE 6**

1  Plaintiff, Luis Pacheco, alleges, based on personal knowledge and/or information and
2  belief:

## SUMMARY

5      Plaintiff Pacheco was hired by Defendant Costco on October 11, 2017. Plaintiff
6  Pacheco was hired as a seasonal Service Deli Clerk and was eventually hired for fulltime
7  employment in the Food Service department. Plaintiff Pacheco often had to miss his rest
8  break because of the high volume of customers but was not compensated for his missed
9  breaks. On or around May 17, 2021, Plaintiff Pacheco was accused of sexual harassment
10 by two female coworkers. Plaintiff had consensual relationships with the two women and
11 was still on friendly terms with each woman. Plaintiff believes that Defendants Costco,
12 Chris Marmon, Russ Flores, and Marilee Alamilla conducted a sham investigation and
13 automatically terminated Plaintiff Pacheco because he was male. Further, Plaintiff
14 Pacheco occasionally missed his rest breaks and was not compensated for each violation.
15 Plaintiff Pacheco was not paid all his wages at the time of his discharge and such
16 compensation, including applicable penalties for the rest period violations, are unpaid and
17 still owed to Plaintiff. Plaintiff Pacheco brings this action against Defendant(s) for
18 economic, non-economic, compensatory and punitive damages, pursuant to Civil Code
19 Section 3294, prejudgment interest pursuant to Code of Civil Procedure Section 3291,
20 costs, and reasonable attorneys' fees pursuant to Government Code Section 12965(b) and
21 Code of Civil Procedure Section 1021.5.

## PARTIES

24     1. <u>Plaintiff.</u> Luis Pacheco ("Pacheco"), is, and at all times mentioned in this
25 Complaint was, a resident of San Bernardino County, California. Pacheco is also
26 sometimes hereafter referred to as "Plaintiff."
27     2. <u>Defendant.</u> Costco Wholesale Corporation ("Costco") is, and at all times
28 mentioned in this Complaint was, authorized to operate by the State of California and the

**EXHIBIT A, PAGE 7**

United States government and authorized and qualified to do business in the County of San Bernardino. Defendant Costco's place of business, where the following causes of action took place, was and is in the County of San Bernardino, 1099 E. Hospitality Lane, San Bernardino, California 92408. Defendant Costco both directly and indirectly employed Plaintiff Pacheco, as defined under the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

3. <u>Defendant.</u> Chris Marmon ("Marmon") is, and at all times mentioned in this Complaint was, a resident of the County of Fresno. As Defendant Costco's agent and Warehouse Manager, Defendant Marmon was Plaintiff Pacheco's manager and direct supervisor, Defendant Marmon both directly and indirectly employed Plaintiff Pacheco, as defined under FEHA at Government Code section 12926(d).

4. <u>Defendant.</u> Russ Flores ("Flores") is, and at all times mentioned in this Complaint was, a resident of the County of Fresno. As Defendant Costco's agent, Defendant Flores was Plaintiff Pacheco's direct supervisor, Defendant Flores both directly and indirectly employed Plaintiff Pacheco, as defined under FEHA at Government Code section 12926(d).

5. <u>Defendant.</u> Marilee Alamilla ("Alamilla") is, and at all times mentioned in this Complaint was, a resident of the County of Fresno. As Defendant Costco's agent, Defendant Alamilla was Plaintiff Pacheco's manager and direct supervisor, Defendant Alamilla both directly and indirectly employed Plaintiff Pacheco, as defined under FEHA at Government Code section 12926(d).

6. <u>Doe Defendants</u>: Defendants Does 1 through 100 are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of all co-Defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-

-4-
PLAINTIFF'S COMPLAINT FOR DAMAGES

1  Defendants.

2      7.  <u>Relationship of Defendants</u>:

3        a.  All Defendants, including but not limited to Costco, Marmon, Flores,

4  Alamilla, and all DOE Defendants, directly and/or indirectly employed Plaintiff, as

5  defined under the regulations, statutes and interpreting case law, including but not limited

6  to California Government Code section 12926(d).

7        b.  Defendants Costco and all DOE Defendants, inclusive, compelled, coerced,

8  aided, and/or abetted the discrimination, retaliation and harassment alleged throughout,

9  which is prohibited under California Government Code section 12940(i).

10       c.  Defendants Marmon, Flores, Alamilla, and all DOE Defendants, inclusive,

11 compelled, coerced, aided, and/or abetted the retaliation and harassment alleged

12 throughout, which is prohibited under California Government Code section 12940(i).

13       d.  All Defendants, including but not limited to Costco, Marmon, Flores,

14 Alamilla, and all DOE Defendants, were acting as the agent(s) of all other Defendants and

15 employers, as defined under the regulations, statutes and interpreting case law, including

16 but not limited to California Government Code section 12926(d).

17       e.  All actions of all Defendants were taken by employees, supervisors,

18 executives, officers and directors during employment with all Defendants, on behalf of all

19 Defendants, and so engaged in, authorized, ratified and approved of the conduct of all

20 other Defendants.

21       f.  Plaintiff is informed and believes, and thereon alleges, that, at all times

22 relevant hereto, Defendants, and each of them, were the principals, agents, servants,

23 employers, employees, partners, joint venturers, predecessors in interest, successors in

24 interest, and/or authorized representatives of each of the other Defendants, and were at all

25 times relevant herein acting within the purpose, course and scope of their agency, service,

26 employment, partnership, joint ventures and/or representation, and were doing so with the

27 knowledge, permission and consent of their principal, employer, partners, joint venturers

28 and co-Defendants, and each of them. Plaintiff further alleges that each and every

-5-
PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A, PAGE 9**

1    Defendant was negligent, careless and legally liable in the selection and hiring of each and

2    every other Defendant as its agent, servant, employee, consultant, assistant, representative,

3    partner and/or joint venturer.

4

5                                          **VENUE**

6        8.   Venue is proper in this court as the civil rights violations arose under the Fair

7    Employment and housing Act and Unruh Civil Acts in the State of California, County of

8    San Bernardino, under California Government Code Section 12965(b). Such provides that

9    "[t]he superior courts of California shall have jurisdiction of those actions, and the

10   aggrieved person may file in these courts. An action may be brought in any county in the

11   state in which the unlawful practice is alleged to have been committed...."

12

13                       **FACTS COMMON TO ALL CAUSES OF ACTION**

14       9.   Plaintiff's hiring. Plaintiff Pacheco was employed by Defendant Costco for

15   approximately four years, from October 11, 2017 through June 1, 2021. Plaintiff Pacheco

16   originally began his employment with Defendant Costco as seasonal work as a Service

17   Deli Clerk. On or around June 27, 2018, Defendant Costco rehired him as a fulltime

18   employee in the food court. His direct supervisors were Defendants Chris Marmon, the

19   Warehouse Manager, and Marilee Alamilla and Russ Flores, his two supervisors. At all

20   times relevant herein, Plaintiff Pacheco was a non-exempt employee and entitled to all the

21   protections of California law, including but not limited to legally required rest breaks and

22   timely compensation.

23       10.   Plaintiff's job performance. At all times through Plaintiff Pacheco's employment,

24   he performed his job duties in an exemplary manner. During his seasonal employment, he

25   performed his duties so well that he was invited back as a fulltime employee the next

26   season.

27       11.   During Plaintiff Pacheco's employment with Defendant Costco, he had positive

28   employee reviews by management. In Plaintiff Pacheco's employee review on or around

**EXHIBIT A, PAGE 10**

1  June 11, 2019, his manager, Ms. Kamilla (first name unknown), stated,
2  "Luis…demonstrates safe work practices…[his] behavior is consistent with Costco's code
3  of ethics, he demonstrates truthfulness and takes responsibility for his actions." Further,
4  in Plaintiff Pacheco's review from June 24, 2020, another manager, Jeffrey Lee ("Mr.
5  Lee"), commented, "Luis is trustworthy, and responsible person." Plaintiff Pacheco
6  performed his duties to the best of his abilities and his honesty and integrity was valued
7  by his managers.

8      12.  Defendant's rest break practices. Plaintiff was subject to Defendant Costco's
9  corporate practices mandated by corporate offices of Defendant Costco who at times
10 altered the time records of employees, failed to provide coverage during rest periods, did
11 not allow rest breaks, and thus required employees, particularly Plaintiff, to work during
12 rest breaks, and failed to provide accurate information on paycheck stubs in violation of
13 Labor Code Section 226(a). Plaintiff was forced to miss his breaks several times. Plaintiff
14 was not provided a 10-minute rest break within the first four hours, or major fraction
15 thereof. Plaintiff Pacheco was constantly busy adhering to the high-quality standards in
16 place to serve Defendant Costco's customers. On approximately 25 occasions, he was
17 forced to forgo his last 15-minute rest break that he was entitled to per Defendant Costco's
18 policies and the Labor Code. When Plaintiff Pacheco was finally able to check the time,
19 he often realized he had missed his break. Defendants did not allow Plaintiff Pacheco to
20 take a break if it meant working overtime, so he was often denied his break altogether.
21 Plaintiff Pacheco is entitled to approximately 25 hours of pay for each violation as the
22 statute requires. Plaintiff was subject to the corporate policy and/or practices of not
23 providing rest breaks and not being paid the applicable penalties for rest period violations,
24 all of which are unpaid and still owed to Plaintiff.

25     13.  Plaintiff's protected status, e.g., gender/sex. On or around May 17, 2021, Plaintiff
26 Pacheco was informed of two allegations made against him by two separate female
27 employees for sexual harassment. Plaintiff Pacheco was called into the manager's office
28 and spoke to Defendant Flores, and another manager named John (last name unknown).

EXHIBIT A, PAGE 11

1   Defendant Flores disclosed the names of the two females and began asking Plaintiff
2   Pacheco extremely invasive questions, such as the extent of Plaintiff Pacheco's sexual
3   contact with each female. Plaintiff Pacheco had amicable relationships with his female
4   coworkers. Plaintiff Pacheco had a consensual and brief relationship with Tessa Jones
5   ("Ms. Jones"), one of the female accusers, in approximately 2019, two years ago. Since
6   then, Ms. Jones and Plaintiff Pacheco are still on friendly terms and speak to each other
7   normally. At no time during those two years did Ms. Jones express to Plaintiff Pacheco
8   that she felt he was harassing her. In or around December 2020, the other female accuser,
9   Lindsay Pint ("Ms. Pint"), sent an unsolicited video of herself, topless in a lake, to Plaintiff
10  Pacheco. Ms. Pint playfully told him to keep the video and not to tell anyone. Plaintiff
11  Pacheco and Ms. Pint started a consensual flirtatious relationship but did not progress to
12  an intimate relationship. Ms. Pint continued to speak to Plaintiff Pacheco in a friendly
13  manner at work and at no time expressed that she wanted to change their relationship to
14  be strictly platonic. Plaintiff Pacheco was blindsided by the sexual harassment complaints.
15  Defendant Flores led Plaintiff Pacheco to a private room and told Plaintiff Pacheco to write
16  his statement because this was his only chance to defend himself.

17     14.  On or around May 18, 2021, Defendant Alamilla called Plaintiff Pacheco and
18  informed him that he was placed on paid suspension for three days and needed to return
19  to work on May 22, 2021. Plaintiff Pacheco reminded Defendant Alamilla that he had
20  already been approved for a one week vacation and could not report to work on May 22,
21  2021.

22     15.  On or around May 30, 2021, Plaintiff Pacheco returned from his suspension and
23  vacation time. Plaintiff Pacheco met with Defendant Marmon regarding the result of the
24  investigation. Defendant Marmon spoke to Plaintiff Pacheco briefly for approximately
25  five minutes and told him that the "evidence suggests" that Plaintiff Pacheco violated a
26  company policy. Defendant Marmon did not explain further and handed documents,
27  including a termination letter, to Plaintiff Pacheco for signature. Plaintiff Pacheco refused
28  to sign his termination letter because Defendant Marmon did not explain how the result

EXHIBIT A, PAGE 12

1  was reached. Plaintiff Pacheco believes that Defendants did not conduct a serious
2  investigation.

3      16.  Defendant's termination of Plaintiff. On or around June 1, 2021, Plaintiff
4  Pacheco was called into work again and met with Defendant Flores this time. Defendant
5  Flores informed him that he was being officially terminated and presented him with the
6  termination paperwork again. Plaintiff Pacheco refused to sign the paperwork because his
7  questions regarding the investigation were still not being answered. Plaintiff Pacheco
8  believes that Defendant Costco discriminated against his gender and terminated him
9  instead of conducting a real investigation. Plaintiff Pacheco was discriminated against for
10  his gender due to the political climate and "me too" movement. Plaintiff Pacheco believes
11  Defendants automatically chose the females' side without considering his explanation of
12  events because of his gender. As a result, Plaintiff Pacheco was wrongfully terminated.

13      17.  On information and belief, Defendant's job action(s) against Plaintiff were
14  motivated by Plaintiff's sex, gender, and/or good faith complaints. Plaintiff believes and
15  alleges that Defendant's true reasons for terminating his employment were his sex, gender,
16  and/or good faith complaints. Defendant failed to pay Plaintiff all wages owed at the time
17  of his termination.

18      18.  Economic damages. As a consequence of Defendant's conduct, Plaintiff has
19  suffered and will suffered harm, including, without limitation, lost past and future income
20  and employment benefits, and damage to career, and wages, unpaid expenses, and
21  penalties, as well as interest on unpaid wages at the legal rate from and after each payday
22  that those wages should have been paid, in a sum to be proven at trial.

23      19.  Non-Economic damages. As a consequence of Defendant's conduct, Plaintiff has
24  suffered and will suffer psychological and emotional distress, humiliation, and mental and
25  physical pain and anguish, in a sum to be proven at trial.

26      20.  Punitive damages. Defendant's conduct constitutes oppression, fraud or malice
27  under California Civil Code Section 3294, so as to entitle Plaintiff to an award of
28  exemplary/punitive damages.

a.  <u>Malice</u>. Defendant's conduct was done with malice within the meaning of California Civil Code Section 3294, including that (a) Defendant acted with intent to cause injury to Plaintiff, and/or acted with reckless disregard toward Plaintiff's injury, including by terminating and/or taking other adverse job action against Plaintiff based on Plaintiff's sex, gender, and/or good faith complaints; and/or (b) Defendant's conduct was despicable, with willful and conscious disregard of Plaintiff's rights, health and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful termination.

b.  <u>Oppression</u>. In addition, and/or alternatively, Defendant's conduct was done with oppression within the meaning of California Civil Code Section 3294, including that Defendant's actions against Plaintiff based on Plaintiff's sex, gender, and/or good faith complaints, was "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a workplace free of discrimination, harassment, retaliation, and wrongful termination.

c.  <u>Fraud</u>. In addition, and/or alternatively, Defendant's conduct, as alleged, was fraudulent within the meaning of California Civil Code Section 3294, including that Defendant asserted false (pretextual) grounds for termination and/or other adverse job action(s), to thereby harm Plaintiff and deprive Plaintiff of legal rights.

21.  <u>Attorneys' fees</u>. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

22.  <u>Exhaustion of administrative remedies</u>. Prior to filing this action, Plaintiff timely exhausted administrative remedies, by timely filing an administrative complaint with the Department of Fair Employment and Housing ("DFEH"). Plaintiff received DFEH right to sue letter dated November 29, 2021.

///
///
///
///

-10-
PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A, PAGE 14**

# FIRST CAUSE OF ACTION

## Discrimination on the Basis of Sex/Gender

## (Govt. Code §12940(a))

**Against Defendant Costco Wholesale Corporation and Does 1 to 100, Inclusive**

23.   The allegations set forth in paragraphs 1 through 22 are re-alleged and incorporated herein by reference.

24.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from discriminating against any employee on the basis of his or her sex/gender. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

25.   Defendants, through their managers and supervisors, took a number of actions toward Plaintiff Pacheco that exhibited sexist motivations, intentions, and consciousness. Plaintiff believes and on that basis alleges that Defendants had a motivation to terminate his employment because of his sex/gender.

26.   The specific acts of which Plaintiff complains are as follows:

a.   On or around May 17, 2021, Plaintiff Pacheco was informed of two allegations made against him by two separate female employees for sexual harassment. Plaintiff Pacheco was called into the manager's office and spoke to Defendant Flores, and another manager named John (last name unknown). Defendant Flores disclosed the names of the two females and began asking Plaintiff Pacheco extremely invasive questions, such as the extent of Plaintiff Pacheco's sexual contact with each female. Plaintiff Pacheco had amicable relationships with his female coworkers. Plaintiff Pacheco had a consensual and brief relationship with Ms. Jones, one of the female accusers, in approximately 2019, two years ago. Since then, Ms. Jones and Plaintiff Pacheco are still on friendly terms and speak to each other normally. At no time during those two years did Ms. Jones express to Plaintiff Pacheco that she felt he was harassing her. In or around December 2020, the other female accuser, Ms. Pint, sent an unsolicited video of herself, topless in a lake, to Plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A, PAGE 15**

Pacheco. Ms. Pint playfully told him to keep the video and not to tell anyone. Plaintiff Pacheco and Ms. Pint started a consensual flirtatious relationship but did not progress to an intimate relationship. Ms. Pint continued to speak to Plaintiff Pacheco in a friendly manner at work and at no time expressed that she wanted to change their relationship to be strictly platonic. Plaintiff Pacheco was blindsided by the sexual harassment complaints. Defendant Flores led Plaintiff Pacheco to a private room and told Plaintiff Pacheco to write his statement because this was his only chance to defend himself.

b.   On or around May 18, 2021, Defendant Alamilla called Plaintiff Pacheco and informed him that he was placed on paid suspension for three days and needed to return to work on May 22, 2021. Plaintiff Pacheco reminded Defendant Alamilla that he had already been approved for a one week vacation and could not report to work on May 22, 2021.

c.   On or around May 30, 2021, Plaintiff Pacheco returned from his suspension and vacation time. Plaintiff Pacheco met with Defendant Marmon regarding the result of the investigation. Defendant Marmon spoke to Plaintiff Pacheco briefly for approximately five minutes and told him that the "evidence suggests" that Plaintiff Pacheco violated a company policy. Defendant Marmon did not explain further and handed documents, including a termination letter, to Plaintiff Pacheco for signature. Plaintiff Pacheco refused to sign his termination letter because Defendant Marmon did not explain how the result was reached. Plaintiff Pacheco believes that Defendants did not conduct a serious investigation.

d.   On or around June 1, 2021, Plaintiff Pacheco was called into work again and met with Defendant Flores this time. Defendant Flores informed him that he was being officially terminated and presented him with the termination paperwork again. Plaintiff Pacheco refused to sign the paperwork because his questions regarding the investigation were still not being answered. Plaintiff Pacheco believes that Defendant Costco discriminated against his gender and terminated him instead of conducting a real investigation. Plaintiff Pacheco was discriminated against for his gender due to the

EXHIBIT A, PAGE 16

political climate and "me too" movement. Plaintiff Pacheco believes Defendants automatically chose the females' side without considering his explanation of events because of his gender. As a result, Plaintiff Pacheco was wrongfully terminated.

27.  On the basis of the above, Plaintiff believes and alleges that his sex/gender was a motivating factor in Defendants' termination of his employment.

28.  As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

29.  As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

30.  Defendants' discrimination was done intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

31.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

## SECOND CAUSE OF ACTION

### Retaliation

### (Government Code §12940(h))

**Against Defendant Costco Wholesale Corporation and DOES 1 to 100, Inclusive**

32.  The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33.  At all times herein mentioned, Cal. Govt. Code §12940 *et seq.* were in full force and effect and were binding on Defendants. These sections require Defendants to refrain from retaliating against any employee on the basis of participating in protected activity, his sex/gender, and to take all reasonable steps necessary to prevent discrimination and

-13-

1   harassment from occurring.

2   34.  Cal. Govt. Code §12940(h) prohibits any employer or persons from discharging

3   or otherwise discriminating against any person because that person has opposed any

4   practices forbidden under this part or because the person has filed a complaint, testified,

5   or assisted in any proceeding under this part FEHA.

6   35.  The specific acts of which Plaintiff complains are as follows:

7   a.  On or around May 17, 2021, Plaintiff Pacheco was informed of two

8   allegations made against him by two separate female employees for sexual harassment.

9   Plaintiff Pacheco was called into the manager's office and spoke to Defendant Flores, and

10  another manager named John (last name unknown). Defendant Flores disclosed the names

11  of the two females and began asking Plaintiff Pacheco extremely invasive questions, such

12  as the extent of Plaintiff Pacheco's sexual contact with each female. Plaintiff Pacheco had

13  amicable relationships with his female coworkers. Plaintiff Pacheco had a consensual and

14  brief relationship with Ms. Jones, one of the female accusers, in approximately 2019, two

15  years ago. Since then, Ms. Jones and Plaintiff Pacheco are still on friendly terms and speak

16  to each other normally. At no time during those two years did Ms. Jones express to Plaintiff

17  Pacheco that she felt he was harassing her. In or around December 2020, the other female

18  accuser, Ms. Pint, sent an unsolicited video of herself, topless in a lake, to Plaintiff

19  Pacheco. Ms. Pint playfully told him to keep the video and not to tell anyone. Plaintiff

20  Pacheco and Ms. Pint started a consensual flirtatious relationship but did not progress to

21  an intimate relationship. Ms. Pint continued to speak to Plaintiff Pacheco in a friendly

22  manner at work and at no time expressed that she wanted to change their relationship to

23  be strictly platonic. Plaintiff Pacheco was blindsided by the sexual harassment complaints.

24  Defendant Flores led Plaintiff Pacheco to a private room and told Plaintiff Pacheco to write

25  his statement because this was his only chance to defend himself.

26  b.  On or around May 18, 2021, Defendant Alamilla called Plaintiff Pacheco and

27  informed him that he was placed on paid suspension for three days and needed to return

28  to work on May 22, 2021. Plaintiff Pacheco reminded Defendant Alamilla that he had

1   already been approved for a one week vacation and could not report to work on May 22,

2   2021.

3          c.  On or around May 30, 2021, Plaintiff Pacheco returned from his suspension

4   and vacation time. Plaintiff Pacheco met with Defendant Marmon regarding the result of

5   the investigation. Defendant Marmon spoke to Plaintiff Pacheco briefly for approximately

6   five minutes and told him that the "evidence suggests" that Plaintiff Pacheco violated a

7   company policy. Defendant Marmon did not explain further and handed documents,

8   including a termination letter, to Plaintiff Pacheco for signature. Plaintiff Pacheco refused

9   to sign his termination letter because Defendant Marmon did not explain how the result

10  was reached. Plaintiff Pacheco believes that Defendants did not conduct a serious

11  investigation.

12         d.  On or around June 1, 2021, Plaintiff Pacheco was called into work again and

13  met with Defendant Flores this time. Defendant Flores informed him that he was being

14  officially terminated and presented him with the termination paperwork again. Plaintiff

15  Pacheco refused to sign the paperwork because his questions regarding the investigation

16  were still not being answered. Plaintiff Pacheco believes that Defendant Costco

17  discriminated against his gender and terminated him instead of conducting a real

18  investigation. Plaintiff Pacheco was discriminated against for his gender due to the

19  political climate and "me too" movement. Plaintiff Pacheco believes Defendants

20  automatically chose the females' side without considering his explanation of events

21  because of his gender. As a result, Plaintiff Pacheco was wrongfully terminated.

22         e.  Further, Plaintiff was subject to Defendant Costco's corporate practices

23  mandated by corporate offices of Defendant Costco who at times altered the time records

24  of employees, failed to provide coverage during rest periods, did not allow rest breaks,

25  and thus required employees, particularly Plaintiff, to work during rest breaks, and failed

26  to provide accurate information on paycheck stubs in violation of Labor Code Section

27  226(a).  Plaintiff was forced to miss his breaks several times. Plaintiff was not provided a

28  10-minute rest break within the first four hours, or major fraction thereof. Plaintiff Pacheco

was constantly busy adhering to the high-quality standards in place to serve Defendant Costco's customers. On approximately 25 occasions, he was forced to forgo his last 15-minute rest break that he was entitled to per Defendant Costco's policies and the Labor Code. When Plaintiff Pacheco was finally able to check the time, he often realized he had missed his break. Defendants did not allow Plaintiff Pacheco to take a break if it meant working overtime, so he was often denied his break altogether. Plaintiff Pacheco is entitled to approximately 25 hours of pay for each violation as the statute requires. Plaintiff was subject to the corporate policy and/or practices of not providing rest breaks and not being paid the applicable penalties for rest period violations, all of which are unpaid and still owed to Plaintiff.

      f.  Defendants Costco, Marmon, Flores, and Alamilla participated in wage theft from their employees, in which they blatantly violated wage and hour laws by requiring employees to work 8-hour shifts without the proper rest breaks. Defendants failed to pay all wages due to Plaintiff Pacheco for the wage theft that was committed by Defendants and their agents.

36.  Plaintiff's sex/gender were motivating factors for the Defendants' retaliation in refusing to accommodate and terminating him, in addition to his suffering other adverse employment actions. Based on Defendants' actions, Defendants harassed Plaintiff, subjected Plaintiff to adverse employment actions, and wrongfully terminated Plaintiff in retaliation, all based on his sex/gender.

37.  As a further result of the retaliation, Plaintiff sustained general damages for mental and emotional distress, anxiety and humiliation, according to proof.

38.  As a proximate result of Defendants' acts and omissions, Plaintiff has suffered and continues to suffer general damages consisting of compensation for having to endure an oppressive work environment, in a sum according to proof.

39.  As a direct and proximate result of Defendants unlawful conduct, Plaintiff has suffered and will continue to suffer physical injuries, pain and suffering and mental anguish and emotional distress. Plaintiff has suffered and continues to suffer other

EXHIBIT A, PAGE 20

employment benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial.

40.   As a direct and proximate cause of the acts alleged above, Plaintiff has had to hire the services of an attorney. Plaintiff has incurred and continues to incur legal expenses, costs, and attorneys' fees, and is entitled to an award of attorneys' fees and costs. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION

**Retaliation for Whistleblowing**

**(Labor Code §1102.5)**

**Against Defendant Costco Wholesale Corporation and DOES 1 to 100, Inclusive**

41.   The allegations set forth in paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42.   At all times herein mentioned, Cal. Labor Code §1102.5 were in full force and effect and were binding on Defendants. This section prohibits retaliation against employees who blow the whistle to a government agency on, or refuses to participate in, violations of laws and regulations in the workplace.

43.   <u>Violation</u>. Defendants' termination of Plaintiff, and/or other adverse job action(s), violated said policy of the State of California.

44.   The specific acts of which Plaintiff complains are as follows:

a.   On or around May 17, 2021, Plaintiff Pacheco was informed of two allegations made against him by two separate female employees for sexual harassment. Plaintiff Pacheco was called into the manager's office and spoke to Defendant Flores, and another manager named John (last name unknown). Defendant Flores disclosed the names of the two females and began asking Plaintiff Pacheco extremely invasive questions, such as the extent of Plaintiff Pacheco's sexual contact with each female. Plaintiff Pacheco had amicable relationships with his female coworkers. Plaintiff Pacheco had a consensual and

EXHIBIT A, PAGE 21

1   brief relationship with Ms. Jones, one of the female accusers, in approximately 2019, two
2   years ago. Since then, Ms. Jones and Plaintiff Pacheco are still on friendly terms and speak
3   to each other normally. At no time during those two years did Ms. Jones express to Plaintiff
4   Pacheco that she felt he was harassing her. In or around December 2020, the other female
5   accuser, Ms. Pint, sent an unsolicited video of herself, topless in a lake, to Plaintiff
6   Pacheco. Ms. Pint playfully told him to keep the video and not to tell anyone. Plaintiff
7   Pacheco and Ms. Pint started a consensual flirtatious relationship but did not progress to
8   an intimate relationship. Ms. Pint continued to speak to Plaintiff Pacheco in a friendly
9   manner at work and at no time expressed that she wanted to change their relationship to
10  be strictly platonic. Plaintiff Pacheco was blindsided by the sexual harassment complaints.
11  Defendant Flores led Plaintiff Pacheco to a private room and told Plaintiff Pacheco to write
12  his statement because this was his only chance to defend himself.

13      b.   On or around May 18, 2021, Defendant Alamilla called Plaintiff Pacheco and
14  informed him that he was placed on paid suspension for three days and needed to return
15  to work on May 22, 2021. Plaintiff Pacheco reminded Defendant Alamilla that he had
16  already been approved for a one week vacation and could not report to work on May 22,
17  2021.

18      c.   On or around May 30, 2021, Plaintiff Pacheco returned from his suspension
19  and vacation time. Plaintiff Pacheco met with Defendant Marmon regarding the result of
20  the investigation. Defendant Marmon spoke to Plaintiff Pacheco briefly for approximately
21  five minutes and told him that the "evidence suggests" that Plaintiff Pacheco violated a
22  company policy. Defendant Marmon did not explain further and handed documents,
23  including a termination letter, to Plaintiff Pacheco for signature. Plaintiff Pacheco refused
24  to sign his termination letter because Defendant Marmon did not explain how the result
25  was reached. Plaintiff Pacheco believes that Defendants did not conduct a serious
26  investigation.

27      d.   On or around June 1, 2021, Plaintiff Pacheco was called into work again and
28  met with Defendant Flores this time. Defendant Flores informed him that he was being

1   officially terminated and presented him with the termination paperwork again. Plaintiff
2   Pacheco refused to sign the paperwork because his questions regarding the investigation
3   were still not being answered. Plaintiff Pacheco believes that Defendant Costco
4   discriminated against his gender and terminated him instead of conducting a real
5   investigation. Plaintiff Pacheco was discriminated against for his gender due to the
6   political climate and "me too" movement. Plaintiff Pacheco believes Defendants
7   automatically chose the females' side without considering his explanation of events
8   because of his gender and retaliated against him for resisting their discriminatory practices.
9   As a result, Plaintiff Pacheco was wrongfully terminated.

10       e.  Plaintiff was subject to Defendant Costco's corporate practices mandated by
11   corporate offices of Defendant Costco who at times altered the time records of employees,
12   failed to provide coverage during rest periods, did not allow rest breaks, and thus required
13   employees, particularly Plaintiff, to work during rest breaks, and failed to provide accurate
14   information on paycheck stubs in violation of Labor Code Section 226(a). Plaintiff was
15   forced to miss his breaks several times. Plaintiff was not provided a 10-minute rest break
16   within the first four hours, or major fraction thereof. Plaintiff Pacheco was constantly busy
17   adhering to the high-quality standards in place to serve Defendant Costco's customers. On
18   approximately 25 occasions, he was forced to forgo his last 15-minute rest break that he
19   was entitled to per Defendant Costco's policies and the Labor Code. When Plaintiff
20   Pacheco was finally able to check the time, he often realized he had missed his break.
21   Defendants did not allow Plaintiff Pacheco to take a break if it meant working overtime,
22   so he was often denied his break altogether. Plaintiff Pacheco believes Defendants
23   retaliated against his requests to take a break. Plaintiff was subject to the corporate policy
24   and/or practices of not providing rest breaks and not being paid the applicable penalties
25   for rest period violations, all of which are unpaid and still owed to Plaintiff.

26       f.  Plaintiff Pacheco believes and alleges that Defendants' true reasons for
27   terminating his employment were his sex/gender and whistleblowing. Defendants failed
28   to pay Plaintiff Pacheco all wages owed at the time of his termination. Defendants Costco,

Marmon, Flores, and Alamilla participated in wage theft from their employees, in which they blatantly violated wage and hour laws by requiring employees to work 8-hour shifts without the proper rest breaks. Defendants failed to pay all wages due to Plaintiff Pacheco for the wage theft that was committed by Defendants and their agents.

45.   Plaintiff's complaints of labor violations were motivating factors for Defendants' decision to terminate him, in addition to his suffering other adverse employment actions. Defendants treated Plaintiff significantly worse than his co-workers because he made Defendants aware of the illegal safety hazards.

46.   As a proximate result of Defendants' termination of Plaintiff's employment in violation of fundamental public policies, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

47.   As a result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered general and special damages in sums according to proof.

48.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

49.   Defendants' wrongful termination of Plaintiff's employment was done intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

## FOURTH CAUSE OF ACTION

### Negligent Supervision, Hiring, and Retention

### (California Common Law)

### Against Defendant Costco Wholesale Corporation and DOES 1 to 100, Inclusive

50.   The allegations set forth in paragraphs 1 through 49 are re-alleged and incorporated herein by reference.

51.   As alleged herein, Defendants and each of them, and/or their managerial employees/agents/employees knew or reasonably should have known, that employees of

Defendant Costco individually and together in varying combinations, were engaging in the conduct set forth above.

52.   Defendants knew of or should and have known that employees, including but not limited to Individual Defendants, had a previous history of engaging in unlawful and/or dangerous conduct that could cause injury to Plaintiff and others and failed to do anything to prevent such injury.

53.   The specific acts of which Plaintiff complains are as follows:

a.   Defendant Costco knew that Defendants Marmon, Flores, and Alamilla had a history of targeting employees because of their sex/gender and/or whistleblowing employees but continued to ratify their conduct.

b.   On or around May 17, 2021, Plaintiff Pacheco was informed of two allegations made against him by two separate female employees for sexual harassment. Plaintiff Pacheco was called into the manager's office and spoke to Defendant Flores, and another manager named John (last name unknown). Defendant Flores disclosed the names of the two females and began asking Plaintiff Pacheco extremely invasive questions, such as the extent of Plaintiff Pacheco's sexual contact with each female. Plaintiff Pacheco had amicable relationships with his female coworkers. Plaintiff Pacheco had a consensual and brief relationship with Ms. Jones, one of the female accusers, in approximately 2019, two years ago. Since then, Ms. Jones and Plaintiff Pacheco are still on friendly terms and speak to each other normally. At no time during those two years did Ms. Jones express to Plaintiff Pacheco that she felt he was harassing her. In or around December 2020, the other female accuser, Ms. Pint, sent an unsolicited video of herself, topless in a lake, to Plaintiff Pacheco. Ms. Pint playfully told him to keep the video and not to tell anyone. Plaintiff Pacheco and Ms. Pint started a consensual flirtatious relationship but did not progress to an intimate relationship. Ms. Pint continued to speak to Plaintiff Pacheco in a friendly manner at work and at no time expressed that she wanted to change their relationship to be strictly platonic. Plaintiff Pacheco was blindsided by the sexual harassment complaints. Defendant Flores led Plaintiff Pacheco to a private room and told Plaintiff Pacheco to write

-21-
PLAINTIFF'S COMPLAINT FOR DAMAGES

1   his statement because this was his only chance to defend himself.

2       c.  On or around May 18, 2021, Defendant Alamilla called Plaintiff Pacheco and
3   informed him that he was placed on paid suspension for three days and needed to return
4   to work on May 22, 2021. Plaintiff Pacheco reminded Defendant Alamilla that he had
5   already been approved for a one week vacation and could not report to work on May 22,
6   2021.

7       d.  On or around May 30, 2021, Plaintiff Pacheco returned from his suspension
8   and vacation time. Plaintiff Pacheco met with Defendant Marmon regarding the result of
9   the investigation. Defendant Marmon spoke to Plaintiff Pacheco briefly for approximately
10  five minutes and told him that the "evidence suggests" that Plaintiff Pacheco violated a
11  company policy. Defendant Marmon did not explain further and handed documents,
12  including a termination letter, to Plaintiff Pacheco for signature. Plaintiff Pacheco refused
13  to sign his termination letter because Defendant Marmon did not explain how the result
14  was reached. Plaintiff Pacheco believes that Defendants did not conduct a serious
15  investigation.

16      e.  On or around June 1, 2021, Plaintiff Pacheco was called into work again and
17  met with Defendant Flores this time. Defendant Flores informed him that he was being
18  officially terminated and presented him with the termination paperwork again. Plaintiff
19  Pacheco refused to sign the paperwork because his questions regarding the investigation
20  were still not being answered. Plaintiff Pacheco believes that Defendant Costco
21  discriminated against his gender and terminated him instead of conducting a real
22  investigation. Plaintiff Pacheco was discriminated against for his gender due to the
23  political climate and "me too" movement. Plaintiff Pacheco believes Defendants
24  automatically chose the females' side without considering his explanation of events
25  because of his gender. As a result, Plaintiff Pacheco was wrongfully terminated.

26      f.  Plaintiff was subject to Defendant Costco's corporate practices mandated by
27  corporate offices of Defendant Costco who at times altered the time records of employees,
28  failed to provide coverage during rest periods, did not allow rest breaks, and thus required

employees, particularly Plaintiff, to work during rest breaks, and failed to provide accurate information on paycheck stubs in violation of Labor Code Section 226(a). Plaintiff was forced to miss his breaks several times. Plaintiff was not provided a 10-minute rest break within the first four hours, or major fraction thereof. Plaintiff Pacheco was constantly busy adhering to the high-quality standards in place to serve Defendant Costco's customers. On approximately 25 occasions, he was forced to forgo his last 15-minute rest break that he was entitled to per Defendant Costco's policies and the Labor Code. When Plaintiff Pacheco was finally able to check the time, he often realized he had missed his break. Defendants did not allow Plaintiff Pacheco to take a break if it meant working overtime, so he was often denied his break altogether. Plaintiff Pacheco is entitled to approximately 25 hours of pay for each violation as the statute requires. Plaintiff was subject to the corporate policy and/or practices of not providing rest breaks and not being paid the applicable penalties for rest period violations, all of which are unpaid and still owed to Plaintiff.

g. Plaintiff Pacheco believes and alleges that Defendants' true reasons for terminating his employment were his sex/gender and whistleblowing. Defendants failed to pay Plaintiff Pacheco all wages owed at the time of his termination. Further, Defendants Costco, Marmon, Flores, and Alamilla participated in wage theft from their employees, in which they blatantly violated wage and hour laws by requiring employees to work 8-hour shifts without the proper rest and meal breaks. Defendants failed to pay all wages due to Plaintiff Pacheco for the wage theft that was committed by Defendants and their agents.

54. At all relevant times Defendant Costco, and/or their agents/employees knew or reasonably should have known that the conduct and omissions set forth above violated Plaintiff's rights under state law.

55. Defendant Costco recognized their employees could not discriminate, harass, or retaliate against other employees. Defendants knew that Defendants Marmon, Flores, and Alamilla had a history of targeting employees because of their sex/gender and/or employees who made good faith complaints about illegal labor and safety violations.

EXHIBIT A, PAGE 27

Despite this knowledge, Defendant Costco allowed Defendants Marmon, Flores, and Alamilla  to discriminate, harass and retaliate against Plaintiff without repercussion. Defendants then wrongfully terminated Plaintiff in retaliation to his complaints and due to his sex/gender.

56.   At all relevant times, Defendants, and/or their agents/employees knew or reasonably should have known that the conduct set forth above would and did proximately result in emotional distress to Plaintiff. The injuries include but are not limited to anxiety, depression, and humiliation.

57.   At all relevant times, Defendant Costco, and/or its agents/employees, knew or reasonably should have known that unless they intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct of Defendants Marmon, Flores, and Alamilla  as set forth above, the remaining Defendants and employees perceived the conduct and omissions as being ratified and condoned.

58.   At all relevant times, the negligent failure of the Defendants to protect Plaintiff, and to supervise, prohibit, control, regulate, discipline, and/or otherwise penalize adequately the conduct and omissions of the other employees violated Plaintiff's rights under state statutes and common law, as alleged herein.

## FIFTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Government Code §12940(h))**

**Against Defendant Costco Wholesale Corporation and DOES 1 to 100, Inclusive**

59.   The allegations set forth in paragraphs 1 through 58 are re-alleged and incorporated herein by reference.

60.   <u>Public Policy</u>. Public policy of the State of California, as provided by statutes e.g., California Government Code Section 12940(h), which prohibits job discrimination, harassment, and retaliation on the basis of an employee's sex/gender.

61. <u>Violation</u>. Defendants' wrongful termination of Plaintiff, and/or other adverse job action(s), violation said policy(ies) of the State of California.

62. The specific acts of which Plaintiff complains are as follows:

a. During Plaintiff Pacheco's employment with Defendant Costco, he had positive employee reviews by management. In Plaintiff Pacheco's employee review on or around June 11, 2019, his manager, Ms. Kamilla, stated, "Luis...demonstrates safe work practices...[his] behavior is consistent with Costco's code of ethics, he demonstrates truthfulness and takes responsibility for his actions." Further, in Plaintiff Pacheco's review from June 24, 2020, another manager, Mr. Lee, commented, "Luis is trustworthy, and responsible person." Plaintiff Pacheco performed his duties to the best of his abilities and his honesty and integrity was valued by his managers.

b. On or around May 17, 2021, Plaintiff Pacheco was informed of two allegations made against him by two separate female employees for sexual harassment. Plaintiff Pacheco was called into the manager's office and spoke to Defendant Flores, and another manager named John (last name unknown). Defendant Flores disclosed the names of the two females and began asking Plaintiff Pacheco extremely invasive questions, such as the extent of Plaintiff Pacheco's sexual contact with each female. Plaintiff Pacheco had amicable relationships with his female coworkers. Plaintiff Pacheco had a consensual and brief relationship with Ms. Jones, one of the female accusers, in approximately 2019, two years ago. Since then, Ms. Jones and Plaintiff Pacheco are still on friendly terms and speak to each other normally. At no time during those two years did Ms. Jones express to Plaintiff Pacheco that she felt he was harassing her. In or around December 2020, the other female accuser, Ms. Pint, sent an unsolicited video of herself, topless in a lake, to Plaintiff Pacheco. Ms. Pint playfully told him to keep the video and not to tell anyone. Plaintiff Pacheco and Ms. Pint started a consensual flirtatious relationship but did not progress to an intimate relationship. Ms. Pint continued to speak to Plaintiff Pacheco in a friendly manner at work and at no time expressed that she wanted to change their relationship to be strictly platonic. Plaintiff Pacheco was blindsided by the sexual harassment complaints.

1  Defendant Flores led Plaintiff Pacheco to a private room and told Plaintiff Pacheco to write
2  his statement because this was his only chance to defend himself.

3      c.  On or around May 18, 2021, Defendant Alamilla called Plaintiff Pacheco and
4  informed him that he was placed on paid suspension for three days and needed to return
5  to work on May 22, 2021. Plaintiff Pacheco reminded Defendant Alamilla that he had
6  already been approved for a one week vacation and could not report to work on May 22,
7  2021.

8      d.  On or around May 30, 2021, Plaintiff Pacheco returned from his suspension
9  and vacation time. Plaintiff Pacheco met with Defendant Marmon regarding the result of
10 the investigation. Defendant Marmon spoke to Plaintiff Pacheco briefly for approximately
11 five minutes and told him that the "evidence suggests" that Plaintiff Pacheco violated a
12 company policy. Defendant Marmon did not explain further and handed documents,
13 including a termination letter, to Plaintiff Pacheco for signature. Plaintiff Pacheco refused
14 to sign his termination letter because Defendant Marmon did not explain how the result
15 was reached. Plaintiff Pacheco believes that Defendants did not conduct a serious
16 investigation.

17     e.  On or around June 1, 2021, Plaintiff Pacheco was called into work again and
18 met with Defendant Flores this time. Defendant Flores informed him that he was being
19 officially terminated and presented him with the termination paperwork again. Plaintiff
20 Pacheco refused to sign the paperwork because his questions regarding the investigation
21 were still not being answered. Plaintiff Pacheco believes that Defendant Costco
22 discriminated against his gender and terminated him instead of conducting a real
23 investigation. Plaintiff Pacheco was discriminated against for his gender due to the
24 political climate and "me too" movement. Plaintiff Pacheco believes Defendants
25 automatically chose the females' side without considering his explanation of events
26 because of his gender. As a result, Plaintiff Pacheco was wrongfully terminated.

27     f.  Plaintiff was subject to Defendant Costco's corporate practices mandated by
28 corporate offices of Defendant Costco who at times altered the time records of employees,

failed to provide coverage during rest periods, did not allow rest breaks, and thus required employees, particularly Plaintiff, to work during rest breaks, and failed to provide accurate information on paycheck stubs in violation of Labor Code Section 226(a). Plaintiff was forced to miss his breaks several times. Plaintiff was not provided a 10-minute rest break within the first four hours, or major fraction thereof. Plaintiff Pacheco was constantly busy adhering to the high-quality standards in place to serve Defendant Costco's customers. On approximately 25 occasions, he was forced to forgo his last 15-minute rest break that he was entitled to per Defendant Costco's policies and the Labor Code. When Plaintiff Pacheco was finally able to check the time, he often realized he had missed his break. Defendants did not allow Plaintiff Pacheco to take a break if it meant working overtime, so he was often denied his break altogether. Plaintiff Pacheco is entitled to approximately 25 hours of pay for each violation as the statute requires. Plaintiff was subject to the corporate policy and/or practices of not providing rest breaks and not being paid the applicable penalties for rest period violations, all of which are unpaid and still owed to Plaintiff.

g. Plaintiff Pacheco believes and alleges that Defendants' true reasons for terminating his employment were his sex/gender and whistleblowing. Defendants failed to pay Plaintiff Pacheco all wages owed at the time of his termination. Plaintiff Pacheco further believes that Defendants terminated Plaintiff Pacheco in order to avoid contributing to his health insurance premiums. Further, Defendants COSTCO, Marmon, Flores, and Alamilla participated in wage theft from their employees, in which they blatantly violated wage and hour laws by requiring employees to work 8-hour shifts without the proper rest and meal breaks. Defendants failed to pay all wages due to Plaintiff Pacheco for the wage theft that was committed by Defendants and their agents.

63. As a proximate result of Defendants' wrongful termination of Plaintiff's employment in violation of fundamental public policies, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

64.  As a result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered general and special damages in sums according to proof.

65.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

66.  Defendants' wrongful termination of Plaintiff's employment was done intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Labor Code §1102.5)

### Against Defendant Costco Wholesale Corporation and DOES 1 to 100, Inclusive

67.  The allegations set forth in paragraphs 1 through 112 are re-alleged and incorporated herein by reference.

68.  Public Policy. Public policy of the State of California, as provided by statutes e.g., California Labor Code Section 1102.5, which prohibits an employer from retaliating against an employee for disclosing information, or believing the employee to have or may have disclosed information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

69.  Violation. Defendants' wrongful termination of Plaintiff, and/or other adverse job action(s), violation said policy(ies) of the State of California.

70.  The specific acts of which Plaintiff complains are as follows:

a.  During Plaintiff Pacheco's employment with Defendant Costco, he had positive employee reviews by management. In Plaintiff Pacheco's employee review on or around June 11, 2019, his manager, Ms. Kamilla, stated, "Luis...demonstrates safe work practices...[his] behavior is consistent with Costco's code of ethics, he demonstrates truthfulness and takes responsibility for his actions." Further, in Plaintiff Pacheco's review from June 24, 2020, another manager, Mr. Lee, commented, "Luis is trustworthy, and responsible person." Plaintiff Pacheco performed his duties to the best of his abilities and his honesty and integrity was valued by his managers.

b.  On or around May 17, 2021, Plaintiff Pacheco was informed of two allegations made against him by two separate female employees for sexual harassment. Plaintiff Pacheco was called into the manager's office and spoke to Defendant Flores, and another manager named John (last name unknown). Defendant Flores disclosed the names of the two females and began asking Plaintiff Pacheco extremely invasive questions, such as the extent of Plaintiff Pacheco's sexual contact with each female. Plaintiff Pacheco had amicable relationships with his female coworkers. Plaintiff Pacheco had a consensual and brief relationship with Ms. Jones, one of the female accusers, in approximately 2019, two years ago. Since then, Ms. Jones and Plaintiff Pacheco are still on friendly terms and speak to each other normally. At no time during those two years did Ms. Jones express to Plaintiff Pacheco that she felt he was harassing her. In or around December 2020, the other female accuser, Ms. Pint, sent an unsolicited video of herself, topless in a lake, to Plaintiff Pacheco. Ms. Pint playfully told him to keep the video and not to tell anyone. Plaintiff Pacheco and Ms. Pint started a consensual flirtatious relationship but did not progress to an intimate relationship. Ms. Pint continued to speak to Plaintiff Pacheco in a friendly manner at work and at no time expressed that she wanted to change their relationship to be strictly platonic. Plaintiff Pacheco was blindsided by the sexual harassment complaints. Defendant Flores led Plaintiff Pacheco to a private room and told Plaintiff Pacheco to write his statement because this was his only chance to defend himself.

c.  On or around May 18, 2021, Defendant Alamilla called Plaintiff Pacheco and

-29-

PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A, PAGE 33**

1   informed him that he was placed on paid suspension for three days and needed to return
2   to work on May 22, 2021. Plaintiff Pacheco reminded Defendant Alamilla that he had
3   already been approved for a one week vacation and could not report to work on May 22,
4   2021.

5       d.   On or around May 30, 2021, Plaintiff Pacheco returned from his suspension
6   and vacation time. Plaintiff Pacheco met with Defendant Marmon regarding the result of
7   the investigation. Defendant Marmon spoke to Plaintiff Pacheco briefly for approximately
8   five minutes and told him that the "evidence suggests" that Plaintiff Pacheco violated a
9   company policy. Defendant Marmon did not explain further and handed documents,
10  including a termination letter, to Plaintiff Pacheco for signature. Plaintiff Pacheco refused
11  to sign his termination letter because Defendant Marmon did not explain how the result
12  was reached. Plaintiff Pacheco believes that Defendants did not conduct a serious
13  investigation.

14      e.   On or around June 1, 2021, Plaintiff Pacheco was called into work again and
15  met with Defendant Flores this time. Defendant Flores informed him that he was being
16  officially terminated and presented him with the termination paperwork again. Plaintiff
17  Pacheco refused to sign the paperwork because his questions regarding the investigation
18  were still not being answered. Plaintiff Pacheco believes that Defendant Costco
19  discriminated against his gender and terminated him instead of conducting a real
20  investigation. Plaintiff Pacheco was discriminated against for his gender due to the
21  political climate and "me too" movement. Plaintiff Pacheco believes Defendants
22  automatically chose the females' side without considering his explanation of events
23  because of his gender. As a result, Plaintiff Pacheco was wrongfully terminated.

24      f.   Plaintiff was subject to Defendant Costco's corporate practices mandated by
25  corporate offices of Defendant Costco who at times altered the time records of employees,
26  failed to provide coverage during rest periods, did not allow rest breaks, and thus required
27  employees, particularly Plaintiff, to work during rest breaks, and failed to provide accurate
28  information on paycheck stubs in violation of Labor Code Section 226(a).  Plaintiff was

1   forced to miss his breaks several times. Plaintiff was not provided a 10-minute rest break
2   within the first four hours, or major fraction thereof. Plaintiff Pacheco was constantly busy
3   adhering to the high-quality standards in place to serve Defendant Costco's customers. On
4   approximately 25 occasions, he was forced to forgo his last 15-minute rest break that he
5   was entitled to per Defendant Costco's policies and the Labor Code. When Plaintiff
6   Pacheco was finally able to check the time, he often realized he had missed his break.
7   Defendants did not allow Plaintiff Pacheco to take a break if it meant working overtime,
8   so he was often denied his break altogether. Plaintiff Pacheco is entitled to approximately
9   25 hours of pay for each violation as the statute requires. Plaintiff was subject to the
10  corporate policy and/or practices of not providing rest breaks and not being paid the
11  applicable penalties for rest period violations, all of which are unpaid and still owed to
12  Plaintiff.

13          g.   Plaintiff Pacheco believes and alleges that Defendants' true reasons for
14  terminating his employment were his sex/gender and whistleblowing. Defendants failed
15  to pay Plaintiff Pacheco all wages owed at the time of his termination. Plaintiff Pacheco
16  further believes that Defendants terminated Plaintiff Pacheco in order to avoid
17  contributing to his health insurance premiums. Further, Defendants COSTCO, Marmon,
18  Flores, and Alamilla  participated in wage theft from their employees, in which they
19  blatantly violated wage and hour laws by requiring employees to work 8-hour shifts
20  without the proper rest breaks. Defendants failed to pay all wages due to Plaintiff Pacheco
21  for the wage theft that was committed by Defendants and their agents.

22      71.  As a proximate result of Defendants' wrongful termination of Plaintiff's
23  employment in violation of fundamental public policies, Plaintiff has suffered and
24  continues to suffer humiliation, emotional distress, and mental and physical pain and
25  anguish, all to his damage in a sum according to proof.

26      72.  As a result of Defendants' wrongful termination of Plaintiff's employment,
27  Plaintiff has suffered general and special damages in sums according to proof.

28      73.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

1   Plaintiff is at present unaware of the precise amounts of these expenses and fees and will
2   seek leave of court to amend this Complaint when the amounts are fully known.

3       74.   Defendants' wrongful termination of Plaintiff's employment was done inten-
4   tionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

6                           **SEVENTH CAUSE OF ACTION**
7                       **Intentional Infliction of Emotional Distress**
8                              **(California Common Law)**
9                  **Against All Defendants Inclusive of DOES 1 to 100**

10      75.   The allegations set forth in paragraphs 1 through 74 are re-alleged and incorpo-
11  rated herein by reference.

12      76.   Defendants' retaliatory, harassing, and discriminatory actions against Plaintiff
13  during his employment were severe and outrageous misconduct and caused Plaintiff
14  extreme emotional distress.

15      77.   The specific acts of which Plaintiff complains are as follows:

16          a.   Plaintiff Pacheco, a 27- year old, Hispanic man, was employed by Defendant
17  Costco for over three years. Plaintiff Pacheco originally began his employment with
18  Defendant Costco on or around October 11, 2017, where he was hired for seasonal work
19  as a Service Deli Clerk. On or around June 27, 2018, Defendant Costco rehired him for
20  Food Service in the food court because Plaintiff Pacheco performed his duties in an
21  exemplary manner during his seasonal employment. During his employment, Plaintiff
22  Pacheco reported to Defendants Chris Marmon, the Warehouse Manager, and Marilee
23  Alamilla and Russ Flores, his two supervisors.

24          b.   During Plaintiff Pacheco's employment with Defendant Costco, he had
25  positive employee reviews by management. In Plaintiff Pacheco's employee review on or
26  around June 11, 2019, his manager, Ms. Kamilla, stated, "Luis…demonstrates safe work
27  practices…[his] behavior is consistent with Costco's code of ethics, he demonstrates
28  truthfulness and takes responsibility for his actions." Further, in Plaintiff Pacheco's review

1  from June 24, 2020, another manager, Mr. Lee, commented, "Luis is trustworthy, and
2  responsible person." Plaintiff Pacheco performed his duties to the best of his abilities and
3  his honesty and integrity was valued by his managers.

4       c.  On or around May 17, 2021, Plaintiff Pacheco was informed of two
5  allegations made against him by two separate female employees for sexual harassment.
6  Plaintiff Pacheco was called into the manager's office and spoke to Defendant Flores, and
7  another manager named John (last name unknown). Defendant Flores disclosed the names
8  of the two females and began asking Plaintiff Pacheco extremely invasive questions, such
9  as the extent of Plaintiff Pacheco's sexual contact with each female. Plaintiff Pacheco had
10  amicable relationships with his female coworkers. Plaintiff Pacheco had a consensual and
11  brief relationship with Ms. Jones, one of the female accusers, in approximately 2019, two
12  years ago. Since then, Ms. Jones and Plaintiff Pacheco are still on friendly terms and speak
13  to each other normally. At no time during those two years did Ms. Jones express to Plaintiff
14  Pacheco that she felt he was harassing her. In or around December 2020, the other female
15  accuser, Ms. Pint, sent an unsolicited video of herself, topless in a lake, to Plaintiff
16  Pacheco. Ms. Pint playfully told him to keep the video and not to tell anyone. Plaintiff
17  Pacheco and Ms. Pint started a consensual flirtatious relationship but did not progress to
18  an intimate relationship. Ms. Pint continued to speak to Plaintiff Pacheco in a friendly
19  manner at work and at no time expressed that she wanted to change their relationship to
20  be strictly platonic. Plaintiff Pacheco was blindsided by the sexual harassment complaints.
21  Defendant Flores led Plaintiff Pacheco to a private room and told Plaintiff Pacheco to write
22  his statement because this was his only chance to defend himself.

23       d.  On or around May 18, 2021, Defendant Alamilla called Plaintiff Pacheco and
24  informed him that he was placed on paid suspension for three days and needed to return
25  to work on May 22, 2021. Plaintiff Pacheco reminded Defendant Alamilla that he had
26  already been approved for a one week vacation and could not report to work on May 22,
27  2021.

28       e.  On or around May 30, 2021, Plaintiff Pacheco returned from his suspension

and vacation time. Plaintiff Pacheco met with Defendant Marmon regarding the result of the investigation. Defendant Marmon spoke to Plaintiff Pacheco briefly for approximately five minutes and told him that the "evidence suggests" that Plaintiff Pacheco violated a company policy. Defendant Marmon did not explain further and handed documents, including a termination letter, to Plaintiff Pacheco for signature. Plaintiff Pacheco refused to sign his termination letter because Defendant Marmon did not explain how the result was reached. Plaintiff Pacheco believes that Defendants did not conduct a serious investigation.

f. On or around June 1, 2021, Plaintiff Pacheco was called into work again and met with Defendant Flores this time. Defendant Flores informed him that he was being officially terminated and presented him with the termination paperwork again. Plaintiff Pacheco refused to sign the paperwork because his questions regarding the investigation were still not being answered. Plaintiff Pacheco believes that Defendant Costco discriminated against his gender and terminated him instead of conducting a real investigation. Plaintiff Pacheco was discriminated against for his gender due to the political climate and "me too" movement. Plaintiff Pacheco believes Defendants automatically chose the females' side without considering his explanation of events because of his gender. As a result, Plaintiff Pacheco was wrongfully terminated.

g. Plaintiff was subject to Defendant Costco's corporate practices mandated by corporate offices of Defendant Costco who at times altered the time records of employees, failed to provide coverage during rest periods, did not allow rest breaks, and thus required employees, particularly Plaintiff, to work during rest breaks, and failed to provide accurate information on paycheck stubs in violation of Labor Code Section 226(a). Plaintiff was forced to miss his breaks several times. Plaintiff was not provided a 10-minute rest break within the first four hours, or major fraction thereof. Plaintiff Pacheco was constantly busy adhering to the high-quality standards in place to serve Defendant Costco's customers. On approximately 25 occasions, he was forced to forgo his last 15-minute rest break that he was entitled to per Defendant Costco's policies and the Labor Code. When Plaintiff

**EXHIBIT A, PAGE 38**

1   Pacheco was finally able to check the time, he often realized he had missed his break.
2   Defendants did not allow Plaintiff Pacheco to take a break if it meant working overtime,
3   so he was often denied his break altogether. Plaintiff Pacheco is entitled to approximately
4   25 hours of pay for each violation as the statute requires. Plaintiff was subject to the
5   corporate policy and/or practices of not providing rest breaks and not being paid the
6   applicable penalties for rest period violations, all of which are unpaid and still owed to
7   Plaintiff.

8       h.  Plaintiff Pacheco believes and alleges that Defendants' true reasons for
9   terminating his employment were his sex/gender and whistleblowing. Defendants failed
10  to pay Plaintiff Pacheco all wages owed at the time of his termination. Plaintiff Pacheco
11  further believes that Defendants terminated Plaintiff Pacheco in order to avoid
12  contributing to his health insurance premiums. Further, Defendants Costco, Marmon,
13  Flores, and Alamilla participated in wage theft from their employees, in which they
14  blatantly violated wage and hour laws by requiring employees to work 8-hour shifts
15  without the proper rest and meal breaks. Defendants failed to pay all wages due to Plaintiff
16  Pacheco for the wage theft that was committed by Defendants and their agents. Plaintiff
17  Pacheco's protected class and activities were all substantial motivating factors for his
18  wrongful termination.

19      78.  Defendants' actions described above were outside the normal part of the
20  employment environment. Plaintiff could not expect that discrimination, harassment, and
21  retaliation based on sex/gender and whistleblowing to be part of his normal employment
22  environment.

23      79.  Defendants had the intention of causing and/or recklessly disregarding the
24  probability of causing emotional distress to Plaintiff and did, in fact, cause emotional
25  distress to Plaintiff. Defendants' misconduct caused Plaintiff severe emotional distress,
26  including, but not limited to, humiliation, depression and anxiety.

27      80.  As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff
28  has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and

1  continues to sustain substantial losses of earnings, retirement benefits, and other
2  employment benefits as a result of being emotionally distressed.

3      81.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.
4  Plaintiff is at present unaware of the precise amounts of these expenses and fees and will
5  seek leave of court to amend this Complaint when the amounts are fully known.

6      82.  Defendants' intentional infliction of emotional distress of Plaintiff entitles
7  Plaintiff to punitive damages.

8

9  **EIGHTH CAUSE OF ACTION**
10  **Failure to Provide Compensation to Employees Not Authorized or Permitted to**
11  **Take Required Rest Periods**
12  **(Labor Code §226.7)**
13  **Against All Defendants and DOES 1 to 100, Inclusive**

14      83.  The allegations set forth in paragraphs 1 through 82 are re-alleged and incorpo-
15  rated herein by reference.

16      84.  Section 2 of IWC Order 5-2001, provides in relevant part: "…(F) 'Employee'
17  means any person employed by an employer…(H) 'Employer' means any person as
18  defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent
19  or any other person, employs or exercises control over the wages, hours, or working
20  conditions of any person…(P) 'Public Housekeeping Industry' means any industry,
21  business, or establishment which provides…(1) lunch counters, cafeterias,…and all
22  similar establishments were food in either solid or liquid form is prepared and served to
23  be consumed on the premises."

24      85.  At all times relevant hereto, Plaintiff was an "employee" as defined in Section
25  2(F) of IWC Order 5-2001, because Plaintiff was a person employed by Defendant
26  employers.

27      86.  At all times relevant hereto, Defendants were the "employer" as defined in
28  Section 2(H) of IWC Order 5-2001, because Defendants are each a person, association,

-36-
PLAINTIFF'S COMPLAINT FOR DAMAGES

organization, partnership, business trust, limited liability company, or corporation who directly or indirectly, or through an agent or any other person, employs or exercises control over wages, hours, or working conditions of any person.

87. At all times relevant hereto, Plaintiff was employed in the "Public Housekeeping Industry" as defined in Section 2(P) of IWC Order 5-2001.

88. Section 12(A) of IWC Order 5-2001, provides: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

89. Section 12(B) of IWC Order 5-2001 provides "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

90. Labor Code Section 226.7 provides: "(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

91. At all times relevant hereto, Defendants failed to comply with Section 12 of IWC Order 5-2001, by failing to authorize and permit Plaintiff to take required rest periods. On approximately 25 occasions, he was forced to forgo his last 15-minute rest break that he was entitled to per Defendant Costco's policies and the Labor Code. When Plaintiff Pacheco was finally able to check the time, he often realized he had missed his break.

1  Defendants did not allow Plaintiff Pacheco to take a break if it meant working overtime,
2  so he was often denied his break altogether. Plaintiff Pacheco is entitled to approximately
3  25 hours of pay for each violation as the statute requires. Plaintiff was subject to the
4  corporate policy and/or practices of not providing rest breaks and not being paid the
5  applicable penalties for rest period violations, all of which are unpaid and still owed to
6  Plaintiff.

7      92. WHEREFORE, Plaintiff requests relief as hereinafter provided.

8

9  ### NINTH CAUSE OF ACTION

10  **Failure to Pay Wages Upon Discharge**

11  **(Labor Code §201)**

12  **Against Defendant Costco Wholesale Corporation and DOES 1 to 100, Inclusive**

13      93. The allegations set forth in paragraphs 1 through 92 are re-alleged and incorpo-
14  rated herein by reference.

15      94. Pursuant to California Labor Code section 201, on Plaintiff's employment
16  termination date, Defendants were required to pay Plaintiff all earned wages. At the time
17  of Plaintiff's termination, he had unpaid wages. In violation of Labor Code section 201,
18  Defendants failed to pay Plaintiff all wages due and owing, in amounts to be proven at the
19  time of trial.

20      95. Plaintiff Pacheco was subject to Defendant Costco's corporate practices who at
21  times altered the time records of employees, failed to provide coverage during meal and
22  rest periods, did not allow meal and rest breaks, required employees to work during meal
23  and rest breaks, and failed to provide accurate information on paycheck stubs in violation
24  of Labor Code Section 226(a). Plaintiff was forced to miss his breaks several times.
25  Plaintiff was not provided a 10-minute rest break within the first four hours, or major
26  fraction thereof. Plaintiff Pacheco was constantly busy adhering to the high-quality
27  standards in place to serve Defendant Costco's customers. On approximately 25
28  occasions, he was forced to forgo his last 15-minute rest break that he was entitled to per

Defendant Costco's policies and the Labor Code. When Plaintiff Pacheco was finally able to check the time, he often realized he had missed his break. Defendants did not allow Plaintiff Pacheco to take a break if it meant working overtime, so he was often denied his break altogether. Plaintiff Pacheco is entitled to approximately 25 hours of pay for each violation as the statute requires. Plaintiff was subject to the corporate policy and/or practices of not providing rest breaks and not being paid the applicable penalties for rest period violations, all of which are unpaid and still owed to Plaintiff.

96.   Defendants Costco, Marmon, Flores, and Alamilla's failure to pay Plaintiff the wages due and owing his was willful and done with the wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights.

97.   Defendants Costco, Marmon, Flores, and Alamilla's willful failure to pay Plaintiff the wages due and owing to him constitutes violations of Labor Code sections 201 and 203, which provide that an employee's wages will continue as penalty for up to thirty (30) days from the time the wages are due.  Therefore, Plaintiff is entitled to statutory penalties pursuant to Labor Code section 203.

98.   Pursuant to Labor Code section 218.5, Plaintiff is also entitled to an award of reasonable attorneys' fees, expenses, and costs incurred in this action.

## TENTH CAUSE OF ACTION
### Statutory Penalties
### (Labor Code §§201, 203, 292)
**Against Defendant Costco Wholesale Corporation and DOES 1 to 100, Inclusive**

99.   The allegations set forth in paragraphs 1 through 98 are re-alleged and incorporated herein by reference.

100.   Labor Code section 201 provides, in relevant part: "(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A, PAGE 43**

101.  Labor Code section 203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for than 30 days. An employee who secretes or absents himself or herself to avoid payment to them or his, or who refuses to receive the payment when fully tendered to them or his, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

102.  By willfully failing to pay its separated employees the amounts owed pursuant to paragraphs 148, 149 and 150 above, in a timely manner, as required by Labor Code sections 201 and 292, Defendants are liable for statutory penalties pursuant to Labor Code section 203, in an amount equal to thirty days of the employee's per diem wage rate. These statutory penalties, in a sum to be proven at trial, are owed and unpaid.

103.  Labor Code section 558 provides:

"(a)    Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter of any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1)  For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2)  For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

EXHIBIT A, PAGE 44

104.   Because they violated the orders of the Industrial Welfare Commission referred to therein, Defendants are liable for statutory penalties pursuant to Labor Code section 558, in a sum to proven at trial.

105.   WHEREFORE, Plaintiff requests relief as hereinafter provided.

**PRAYER**

WHEREFORE, Plaintiff, Luis Pacheco, prays for judgment against Defendant(s) as follows:

1.   For general and special damages according to proof;

2.   For exemplary damages, according to proof;

3.   For pre-judgment and post-judgment interest on all damages awarded;

4.   For reasonable attorneys' fees;

5.   For costs of suit incurred;

6.   For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, Plaintiff, Luis Pacheco, demands trial of this matter by jury. The amount demanded exceeds $25,000 (Cal. Govt. Code Section 72055).

Dated: March 29, 2022          **THE TRAN FIRM, APLC**

By: _____
Derek T. Tran, Esq.
Jorge A. Guardado, Esq.

Attorneys for Plaintiff,
LUIS PACHECO

-41-

PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT A, PAGE 45**